IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ROBERT ENNIS**  PLAINTIFF

v.   USDC Case No. 16-5255 TLB

**TWO MEN AND A TRUCK INTERNATIONAL, INC.,**
a Michigan Corporation; and **TMT ARKANSAS, INC.,**
d/b/a **TWO MEN AND A TRUCK/NW ARKANSAS,**
an Arkansas Corporation   DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Robert Ennis brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and the Minimum Wage Act of the State of Arkansas, ARK. CODE ANN. §11-4-201 *et seq.*, alleging, among other things, that he was not paid overtime wages for the hours he worked for TMT Arkansas, Inc. (sometimes referred to herein as "TMT") in excess of forty (40) hours per week. In its answer filed herein, TMT pled the motor carrier exemption set forth at 29 U.S.C. §213(b)(1) as an affirmative defense to the plaintiff's claim. (See Answer to First Amended Complaint [Doc 23], ¶ 50)  It is TMT's position that at all times material hereto, plaintiff Robert Ennis was an employee of TMT, which is a motor carrier as defined in 49 U.S.C. §13102, and was a driver, driver's helper or loader of vehicles having a GVWR of 10,001 pounds or greater, whose duties affected the safe operation of TMT's motor vehicles in transportation on public highways in

interstate commerce. Accordingly, as a matter of law, pursuant to the motor carrier exemption, TMT does not owe any overtime wages to Mr. Ennis. Because there is no genuine issue as to any material fact with respect to the plaintiff's claim for overtime wages, TMT is entitled to judgment in its favor on that claim as a matter of law.

### A. Motor Carrier Exemption

The Fair Labor Standards Act ("FLSA") contains many exceptions and exemptions from its general requirement that employees be paid overtime (one and one-half times their regular rate) for all hours worked in excess of forty (40) hours per week. The federal exemptions are carried over to Arkansas's Minimum Wage Act pursuant to ARK. CODE ANN. §11-4-211(d). 29 U.S.C. §213(b)(1) provides an overtime exemption for employees who are within the authority of the Secretary of Transportation to establish qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935. This exemption, known as the "motor carrier exemption", applies to employees who are:

1. Employed by a motor carrier, as defined in 49 U.S.C. §13102;
2. Drivers, driver's helpers, loaders, or mechanics whose duties affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce; and
3. Not covered by the small vehicle exception.

U.S. Department of Labor, Wage and Hour Division, Fact Sheet #19; *Krupicki v. Eagle One*, 2014 U.S. Dist. LEXIS 46038 (E.D. Ark. 2014); *Holmes v. Metott, Inc.*, 2013 U.S. Dist. LEXIS 189925 (E.D. Ark. 2013).

The term "motor carrier" is defined in 49 U.S.C. §13102(15) as "a person providing motor vehicle transportation for compensation." The exemption applies to those employees whose work involves the activities of a driver, driver's helper, loader or mechanic and which directly affects the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce. 29 C.F.R. §782.2(b)(2). As a general rule, if the *bona fide* duties of the job performed by the employee are such that he is, or is likely to be, called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities of the character described in 29 C.F.R. §782.2(b)(2), then the employee comes within the exemption for all workweeks when he is employed at the job. The exemption applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting "safety of operation." 29 C.F.R. §782.2(b)(3).

The motor carrier exemption applies only to "commercial motor vehicles", as defined in 49 U.S.C. §31132. A commercial motor vehicle is one which has a "gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater." Thus, a driver or loader of a vehicle weighing 10,000 pounds or less is subject to the overtime provisions of the FLSA, while one who drives or loads a vehicle with a GVWR of 10,001 pounds or more is exempt from any requirement to pay overtime. *McCall v. Disabled American Veterans*, 723 F.3d 962 (8th Cir. 2013).

### B. Case Law Interpreting the Motor Carrier Exemption

Arkansas's district courts and the United States Court of Appeals for the Eighth Circuit have decided several cases involving the motor carrier exemption and have not hesitated to grant summary judgment on the issue. In *Holmes v. Metott, Inc.*, 2013 U.S. Dist. LEXIS 189925 (E.D. Ark. 2013),

United States District Judge Brian Miller granted summary judgment in favor of the defendant based upon the motor carrier exemption. The plaintiff in that case worked as a delivery driver for Metott, a company which had a contract with FedEx to deliver parcels for FedEx within a defined geographical area. After his termination, the plaintiff filed suit claiming that the defendant violated the FLSA by failing to pay him overtime wages. In granting summary judgment in favor of the defendant, the district court determined that the first requirement for exemption was met because Metott fell under the jurisdiction of the Secretary of Transportation. The court noted that the Secretary has authority to prescribe requirements for "commercial motor carriers," a definition that includes vehicles used to transport property and weighing at least 10,001 pounds. The truck driven by Mr. Holmes weighed approximately 22,500 pounds. The court held that the second requirement for exemption was met because Holmes was a driver for Metott and the third requirement for exemption was met because Metott's vehicles were used to transport property in interstate or foreign commerce.

In *Krupicki v. Eagle One*, 2014 U.S. Dist. LEXIS 46038 (E.D. Ark. 2014), United States District Judge Kristine Baker began her analysis of the motor carrier exemption by noting that exemptions under the FLSA are construed narrowly against the employer and the employer bears the burden of establishing an exemption by a preponderance of the evidence. 2014 U.S. Dist. LEXIS 46038, *24. The court rejected the plaintiff's contention that he was only an intrastate transporter to which the exemption did not apply, concluding that the goods delivered by Mr. Krupicki were intended to be, and were, interstate goods, and, thus, he conducted transportation in interstate commerce. The court went on to address the question whether Mr. Krupicki engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation of

property in interstate commerce within the meaning of the motor carrier exemption. Judge Baker concluded, "Mr. Krupicki was a driver and certainly directly affected the safety of operation of motor vehicles in transportation as a delivery driver. *See, e.g., Benson v. Universal Ambulance Service, Inc.*, 675 F.2d 783, 786 (6th Cir. 1982) ("It would appear to be beyond question that the driver of a common carrier vehicle directly affects the safety of operation of that vehicle."); *Crooker v. Sexton Motors, Inc.*, 469 F.2d 206, 209 (1st Cir. 1972) ("It is obvious that one who drives a vehicle in interstate commerce directly affects the safety of such operations as long as he is driving.")." *Id.* at *29. Because the court found that Mr. Krupicki operated a motor vehicle in interstate commerce, he was subject to the motor carrier exemption to the FLSA and was not eligible for overtime. Summary judgment was granted in favor of EagleOne.

In *Alexander v. Tutle & Tutle Trucking*, 2016 U.S. App. LEXIS 15321 (8th Cir. 2016), the Eighth Circuit Court of Appeals affirmed a summary judgment granted by United States District Court Judge Brian S. Miller, finding that eleven truck drivers employed by the defendants were not entitled to overtime wages because of the motor carrier exemption.  The drivers in *Alexander* contended that they drove primarily in Arkansas and were not called upon in the ordinary course of their duties to make interstate trips.  They asserted that none of them drove outside of Arkansas more than five times over an 18 month period and that, as a group, they drove in interstate commerce less than one percent of the time.  Citing *Morris v. McComb*, 332 U.S. 422, 431, 68 S. Ct. 131, 92 L. Ed. 44 (1947) and 29 C.F.R. §782.2(b)(2), the Eighth Circuit explained that it is "the character of the activities rather than the proportion of either the employee's time or of his activities" that determines the Secretary of Transportation's jurisdiction to regulate employees and, thus, the applicability of the overtime exemption.  The court held that the motor carrier exemption "applies

even where interstate transportation makes up a small percentage of an employee's duties" and found that the plaintiff drivers had " a reasonable expectation of interstate travel." 2016 U.S. App. LEXIS at *10.

*Williams v. Central Transport International, Inc.*, 830 F.3d 773 (8th Cir. 2016), another recent Eighth Circuit decision, involved the question whether the plaintiff, who was employed as a "switcher" at the defendant's St. Louis terminal, was a "loader" of freight in interstate commerce and, thus, within the motor carrier exemption. The district court's grant of summary judgment in favor of the defendant was affirmed. The plaintiff contended that the motor carrier exemption did not apply to him because, although he loaded freight, he did not have responsibility for exercising judgment and discretion in planning and building a balanced load or in placing or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways would not be jeopardized. Affirming the summary judgment in favor of the trucking company, the Eighth Circuit Court of Appeals concluded that "if an employee spends a substantial part of his time (as defined in *Levinson*, *Pyramid*, and *Morris*) participating in or directing the actual loading of a motor vehicle common carrier's trailers operating in interstate or foreign commerce, the Secretary of Transportation has the authority to regulate that employee's hours of service and the MCA Exemption applies, regardless of the employee's precise role in the loading process." *Id.* at *11-12. Because the record established that a substantial part of the plaintiff's time was spent loading Central Transport trailers for interstate transportation, the court found that the motor carrier exemption applied and that the district court properly granted summary judgment dismissing the plaintiff's FLSA claims.

### C. Application of the Motor Carrier Exemption to The Facts of This Case

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). TMT of Arkansas, Inc. submits that there is no dispute as to any material fact with respect to application of the motor carrier exemption in this case and that it is entitled to judgment in its favor as a matter of law on the plaintiff's overtime claim.

The affidavit of Christi Baldwin, co-owner and vice-president of TMT, establishes that TMT provides motor vehicle transportation for compensation, qualifying it as a motor carrier under the Motor Carrier Act. As the plaintiff himself alleges in ¶13 of his First Amended Complaint [Doc 20] and as Ms. Baldwin's affidavit states, TMT engages in interstate commerce. Thus, the first prong of the motor carrier exemption is met here.

Plaintiff Robert Ennis was employed by TMT as a driver. Ms. Baldwin's affidavit shows that Mr. Ennis made several interstate trips while employed by TMT as a driver and he was available to make additional interstate trips when needed. Without question, and as District Judge Kristine Baker recognized in *Krupicki v. Eagle One, supra*, the duties of a truck driver affect the safety of operation of motor vehicles in transportation on public highways in interstate commerce. And, as the Eighth Circuit held in *Alexander v. Tutle & Tutle Trucking, supra*, it is the character of the employee's duties and not the proportion of time spent on them that is important. The second element of the exemption is also satisfied.

Lastly, Christi Baldwin's affidavit and the motor vehicle registration certificates attached thereto establish that the trucks Mr. Ennis drove during the course of his employment with TMT all

had GVWRs of either 25,990, 25,999 or 26,000 pounds, well in excess of the 10,001 GVWR threshold for the motor carrier exemption. Thus, the small vehicle exception to the exemption, which applies to vehicles having a GVWR of 10,000 pounds or less, does not apply and the third element of the exemption is also met in this case.

In conclusion, there is no genuine issue as to any fact material to the question of the applicability of the motor carrier exemption in this case. Because each of the elements of the motor carrier exemption has been proven, TMT of Arkansas, Inc. is entitled to judgment in its favor as a matter of law with respect to plaintiff Robert Ennis's claims under the FLSA and the Arkansas Minimum Wage Act for overtime wages, along with his associated claims for liquidated damages, costs and attorney's fees. Those claims must be dismissed with prejudice.

Respectfully submitted,

TMT ARKANSAS, INC., d/b/a TWO MEN AND A TRUCK/NW ARKANSAS, An Arkansas Corporation

By  */s/ Constance G. Clark*
Constance G. Clark #79033
Kelly Carithers #80006
DAVIS, CLARK, BUTT, CARITHERS
    & TAYLOR, PLC
P.O. Box 1688
Fayetteville, AR 72702-1688
(479) 521-7600 (Telephone)
(479) 521-7661 (Facsimile)
cclark@davis-firm.com

**CERTIFICATE OF SERVICE**

      I, Constance G. Clark, hereby certify that on this 17th day of November, 2016, I electronically filed the foregoing document with the clerk of the United States District Court for the Western District of Arkansas, using the electronic case filing system of the court, which will send notification of such filing to the following:  Joshua Mostyn, William Gene Horton, Michelle M. Kaemmerling, and Brett J. Miller , as well as other attorneys who have entered an appearance for notice of electronic filings.

                                        */s/ Constance G. Clark*
                                        Constance G. Clark